UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                            Case No. 1:08-CR-163

v.                                                   Hon. Janet T. Neff

LAMAR ALLEN AYERS, JR.,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

        Pursuant to W.D. Mich. LCrR 11.1 and upon a request of the district court, I conducted a felony plea hearing in this matter on September 2, 2008, after receiving the written consent of the defendant, the defendant's attorney, and the attorney for the government. These consents were also placed on the record in open court.

        Defendant Lamar Allen Ayers is charged in Counts 1 and 2 of a two-count Indictment with being a felon in possession of a firearm and with possession of a firearm in furtherance of a drug trafficking crime. On the basis of the record made at the hearing, I found that defendant was competent to enter pleas of guilty and that the pleas were knowledgeable and voluntary with a full understanding of each of the rights waived by the defendant, that the defendant fully understood the nature of the charges and the consequences of the pleas, and that the defendant's pleas had a sufficient basis in fact which contained all of the elements of the offenses charged.

        I also inquired into the plea agreement. I found the plea agreement to have been knowingly and voluntarily made and found that it fully reflected all of the promises made by the

parties.

Accordingly, I accepted the pleas of guilty, subject to final acceptance of the pleas by the District Judge, and I specifically reserved acceptance of the plea agreement for the District Judge. I ordered the preparation of a presentence investigation report, and directed the clerk to procure a transcript of the plea hearing for review by the District Judge.

### Recommendation

Based upon the foregoing, I respectfully recommend that the defendant's pleas of guilty to Counts 1 and 2 of the Indictment be accepted, that the court adjudicate the defendant guilty of those charges, and that the written plea agreement be accepted at, or before, the time of sentencing.


Dated: September 2, 2008                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge



### NOTICE TO PARTIES

You have the right to *de novo* review by the district judge of the foregoing findings. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten (l0) days after the plea hearing. *See* W.D. Mich. LCrR 11.1(b). A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Neuman v. Rivers,* 125 F.3d 315, 322-23 (6th Cir.), *cert. denied,* 522 U.S. 1030 (1997); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).